In the Matter of the ESTATE OF Vilis BERGHOLDS, Deceased.

Milly VALKS, Petitioner-Appellant,

v.

Rasma KRABACHER, as Personal Representative of the Estate of Vilis Bergholds, Deceased, Respondent-Appellee.

No. 80CA0099.

Colorado Court of Appeals,
Div. I.

July 10, 1980.

As Modified On Denial of Rehearing
Aug. 21, 1980.

Certiorari Denied Nov. 10, 1980.

Theodore B. Atlass, P. C., Theodore B. Atlass, Denver, for petitioner-appellant.

George A. Hinshaw, P. C., George A. Hinshaw, Aurora, for respondent-appellee.

COYTE, Judge.

Petitioner, Milly Valks, appeals the judgment of the probate court denying her petition to compel reimbursement for death taxes paid by her. We affirm.

At the time of his death, the decedent, Vilis Bergholds, held three savings accounts in joint tenancy with petitioner. Petitioner, in order to obtain an early release of the funds in the savings accounts, filed a Colorado Inheritance Tax Statement and on November 14, 1978, paid $1,497.04 in inheritance taxes to the State of Colorado. The first publication of the notice to creditors was filed January 12, 1979. On May 17, 1979, petitioner filed a petition in the probate court seeking reimbursement for the taxes paid.

Petitioner contends that she is entitled to be reimbursed for the taxes which she paid because of the following provision of decedent's will:

"I direct that all estate, inheritance and other death taxes payable by reason of my death on any property included in my Estate for tax purposes shall be paid as an expense of administration without contribution from any person and without apportionment."

Although the inheritance taxes arising under the joint accounts here at issue would fall within the purview of this clause, when claimant voluntarily paid the tax, she became a creditor of the estate. Section 15–12–803(2), C.R.S.1973, provides that a claim

against an estate arising at or after the decedent's death must be presented within four months after it arises or be forever barred. The one exception to this rule is inapplicable here. Accordingly, since petitioner's claim was not filed within this four month period, it is barred by § 15–12–803(2), C.R.S.1973.

Judgment affirmed.

VAN CISE and KIRSHBAUM, JJ., concur.